BELL, Appellant,

v.

**MIDWESTERN EDUCATIONAL SERVICES, INC., d.b.a.
Sawyer College, et al.; Rossi et al., Appellees.**

[Cite as *Bell v. Midwestern Educational Serv., Inc.* (1993), 89 Ohio App.3d 193.]

Court of Appeals of Ohio,
Montgomery County.

No. 13753.

Decided May 4, 1993.

*Stanley A. Hirtle,* for appellant.

*Thomas G. Eagle,* for appellees.

FREDERICK N. YOUNG, Judge.

This is an appeal by Gayle Bell (appellant) from a judgment of the Common Pleas Court of Montgomery County dismissing two of the individual defendants, Hugh Rossi and Patricia Rossi (appellees), from a class action lawsuit filed by appellant against Midwestern Educational Services, Inc., d.b.a. Sawyer College ("the corporation"), and several named individual defendants, including appellees herein.

The issue before us is the ever vexatious question of sufficiency of service of process and therefore personal jurisdiction of the appellees.

Appellant filed her complaint on August 24, 1990. The address in the complaint for all the defendants, the corporation as well as five individuals including the appellees, was the business address of Sawyer College, 139 South Philadelphia Street, Dayton, Ohio 44403. Appellant filed a precipe directing the clerk to

issue certified mail service of the complaint to all the named parties at the 139 South Philadelphia Street business address of the corporation, as well as the Attorney General of Ohio at his office address in Columbus, Ohio. Return receipts for the certified mail deliveries sent to Sawyer College were signed by one April Henry on August 30, 1990. April Henry was employed at that time as a secretary by the corporation. It is a stipulated fact that the complaint was then forwarded to William M. Rossi, the attorney for the corporation and also for the appellees. Mr. Rossi is also the son of Hugh and Patricia Rossi. It is further stipulated that in late September 1990, Mr. Rossi telephoned the appellees and told Hugh Rossi that he had been named as a defendant in the complaint.

Attorney William M. Rossi filed an answer on behalf of all the named defendants on October 2, 1990, which contained a number of affirmative defenses, including the lack of personal jurisdiction "over all defendants except Midwestern Educational Services, Inc., dba Sawyer College" and that appellant's service "on all defendants except Midwestern Educational Services, Inc., dba Sawyer College is improper and not valid."

During the course of the following year, appellant engaged in various discovery actions, including interrogatories to Hugh Rossi, which were answered by him on August 13, 1991. The appellees never initiated any discovery actions on their own behalf.

On September 10, 1991, three of the individual defendants, appellees herein and a Cindy Deel, filed a motion to dismiss them from the lawsuit on the grounds that they had not been served properly within a year of the filing of the lawsuit, citing Civ.R. 3(A), which states that "a civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing." The appellant then directed service of process to both Hugh and Patricia Rossi by certified mail at their home address in Sarasota, Florida. Service was completed on October 7, 1991. Appellees shortly thereafter moved to quash this service.

On January 23, 1992, Common Pleas Judge W. Erwin Kilpatrick filed his decision and entry quashing the summons on appellees and Cindy Deel and dismissing all three of them as parties defendant in the case. The court concluded that "after having considered counsel's motions and the memoranda, pro and con, that the service delivered to the clerk at the Dayton office of the college, was not service that was reasonably calculated to effectively notify the three Defendants who moved to dismiss."

On October 14, 1992, appellant moved for a certification of the judge's decision in order that it might be appealed. A judgment dismissing fewer than all the parties to a case is not a final judgment, and is therefore not appealable, until the court certifies that there is no just reason for delay. Civ.R. 54(B). The court

granted appellant's motion to certify the dismissal of defendants Hugh and Patricia Rossi on October 14, 1992, finding that there was no just reason for delay in the appeal regarding the appellees, and stayed all further proceedings in the case until this appeal has been determined by this court.

Appellant filed her notice of appeal on November 12, 1992, and the appeal is properly before us. There is no appeal on the dismissal of defendant Cindy Deel.

## I

The appellant presents us with three assignments of error:

"A. FIRST ASSIGNMENT OF ERROR

"The lower court erred, contrary to law, in dismissing the claims against Defendants Hugh Rossi and Patricia Rossi, finding that service on them delivered to the Dayton office of Sawyer College was not reasonably calculated to effectively notify them of the action.

"B. SECOND ASSIGNMENT OF ERROR

"The lower court erred, contrary to law, in dismissing the claims against Defendants Hugh Rossi and Patricia Rossi in that these defendants waived any defect in the service of process.

"C. THIRD ASSIGNMENT OF ERROR

"The lower court abused its discretion in dismissing the claims against Defendants Hugh Rossi and Patricia Rossi for failure of service, in that the defects were correctable and were corrected upon discovery by Plaintiff."

There was no hearing on the motion of appellees to dismiss them and there is therefore no transcript of proceedings before us. The facts of this matter, however, are abundantly presented by the pleadings, affidavits, discovery actions, and some stipulations.

The appellees are the sole shareholder owners of the corporation, which at the time in question operated three branch campuses of Sawyer College, including the one in Dayton, Ohio. The appellees are husband and wife and reside together at their home in Florida, which has been their sole residence since August 1989. Hugh Rossi is engaged in other business affairs, which he conducts from his home in Florida. Prior to August 1989, the appellees also had a residence in Middletown, Ohio. They are officers of the corporation. Hugh Rossi is its president and Patricia Rossi is its secretary. The appellees do claim residency in Florida since May 1988, but according to a stipulation of facts, they also resided in Middletown, Ohio, for some time prior to August 1989.

It is acknowledged that by virtue of being sole shareholders of the corporation and corporate officers, appellees had at the time final authority over the

operations of the corporation, but it seems to be clear, and the trial court concluded explicitly, that "the Rossis were not active participants in the management of the college and when they were, had an office in Middletown." The day-to-day operations of each of the three branches of Sawyer College, including the one in Dayton, were handled by a local full-time manager and not by either of the appellees. Prior to 1987, Hugh Rossi had been active in the management of the corporation, but since that year, partly due to health problems, he has operated solely out of his home in Florida and has maintained generally only telephone contact with the corporation. Between April and December 1990, his telephone contact with the on-site managers at the Sawyer College branches was approximately once a month. Beginning in December 1990, the telephone contacts increased to approximately once a week. During the year following the filing of the lawsuit Hugh Rossi was present in the state of Ohio, and at the Dayton campus of Sawyer College, on only two occasions. He characterizes himself as acting principally as a consultant to the corporation since 1987.

In his answer to the complaint, appellee Hugh Rossi does admit that he "possesses and exercises the authority to establish and implement policies and procedures of Sawyer College."

Patricia Rossi has not been present in the state of Ohio since 1989, and she has not had an office or been present at the Dayton campus of Sawyer College since 1987. She has never been involved in running or managing Sawyer College or any of its campus locations and as of January 22, 1992, when her affidavit stating the foregoing facts was filed, she had never received or seen the complaint filed in this case, and she had never been informed of and did not know as of that date the specific allegations of the complaint. Hugh Rossi also avers that until October 1991, he had never received or seen the complaint and never been informed of and did not know as of that date the specific allegations of the complaint. As stated earlier, Hugh Rossi had been informed by his son and attorney in September 1990 of the filing of the complaint and the fact that he was named as a defendant therein, but the complaint was not actually sent to either of the Rossis at their Florida home.

## II

### First Assignment of Error

"The lower court erred, contrary to law, in dismissing the claims against defendants Hugh Rossi and Patricia Rossi, finding that service on them delivered to the Dayton office of Sawyer College was not reasonably calculated to effectively notify them of the action."

Ohio Civ.R. 4.1 describes all the methods of service within the state except service by publication, which is provided by Civ.R. 4.4(A). Civ.R. 4.1 lists three forms of service: certified mail, personal service, and residence service. When service is made by certified mail, it provides that the clerk shall place the processing complaint or other documents to be served in an envelope which is to be addressed to the person to be served at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk.

The case before us presents the recurrent and troublesome problem as to the sufficiency of certified mail service when it is sent not to the residence address of the defendant, but to an office or business address. This issue has been exhaustively and skillfully briefed by counsel for the parties to this action, who have supplied us in their briefs and analyzed a total of fifty-eight cases which deal with the subject, although many of them are from other jurisdictions or deal with the federal rule concerning commencement of actions. We have reviewed all of these decisions and even found a few more ourselves. In spite of their exhaustive research, counsel for both parties admitted that they had not found any case precisely on point with the present facts before us.

It is, however, not necessary for us to deal with all of the authorities cited by both parties in order to reach our resolution of this appeal. The controlling case in Ohio regarding the sufficiency of certified mail service sent to a business address is the Supreme Court decision of *Akron-Canton Regional Airport Auth. v. Swinehart* (1980), 62 Ohio St.2d 403, 16 O.O.3d 436, 406 N.E.2d 811. The two defendants in that case each owned an undivided one-half interest in certain real estate which the Akron–Canton Regional Airport Authority wished to appropriate. The property was leased to an Ohio corporation. Defendant Swinehart in that case was president of the corporation and managed its day-to-day operations. Defendant Sengpiel, the other owner of the property, was vice-president of the corporation but served only as an adviser and did not maintain an office of his own on the premises. He had an office in another city where he was president of another company. Defendant Sengpiel visited the premises two or three times per month. The service of process in *Swinehart* was addressed to the two individual defendants and sent by certified mail to the address of the property sought to be appropriated. A receptionist-secretary there signed a return receipt for the process and turned the envelopes containing the process over to Swinehart, who mailed one envelope to his attorney and kept the other. Defendant Sengpiel never saw the process addressed to him.

The Supreme Court in *Swinehart* first noted that Civ.R. 4.1(1), governing service by certified mail, "speaks primarily to *how* service shall be made, rather than *where,* or *to whom* process may be served. In drafting these rules it was believed that due process should determine the parameters for proper service

rather than create unduly restrictive rules prohibiting otherwise constitutionally permissible service. Although the flexible nature of due process prevents hard and fast rules, we have attempted to clarify what is permitted under the rule." (Emphasis *sic*.) *Id.* at 404–405, 16 O.O.3d at 437, 406 N.E.2d at 813.

The court then refers to its decision in *Castellano v. Kosydar* (1975), 42 Ohio St.2d 107, 71 O.O.2d 77, 326 N.E.2d 686, recognizing a change in the Civil Rules which allowed service of process to someone other than the named addressee, thus dealing with the question of who may be served. As to where service by certified mail may be sent, the question had been dealt with by the Supreme Court in the case of *In re Foreclosure of Liens* (1980), 62 Ohio St.2d 333, 16 O.O.3d 393, 405 N.E.2d 1030, where the court held that certified mail service served at property used solely for investment (*i.e.*, rental) purposes, where the residence address of the individual sought to be served was known, did not meet the requirements of due process. The court noted that the facts were different in the case before it in that business was actually being carried on at the address where the certified mail service was made. The court then set forth its ruling regarding service at a business address as follows:

"While Civ.R. 4.1 does not specifically provide for such service, neither does it prohibit service at a business address. Thus, the question is raised whether due process proscribes service by certified mail to individuals at their business address. In reply, we turn to the standard enunciated in *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, at page 314 [70 S.Ct. 652, 657, 94 L.Ed. 865, 873], as follows:

" 'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice *reasonably calculated,* under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' (Emphasis added.) See *In re Foreclosure of Liens, supra.*

"So long as service is 'reasonably calculated' to reach interested parties, then the service is constitutionally sound. Accordingly, it is not necessary that service be attempted through the most likely means of success—ordinarily residence service; it is sufficient that the method adopted be 'reasonably calculated' to reach its intended recipient. We believe therefore that certified mail service sent to a business address can comport with due process if the circumstances are such that successful notification could be reasonably anticipated.

"This position does not reflect a relaxed adherence to due process rights. Indeed, we look suspiciously at any service attempted by means falling short of that most likely to achieve success. There are inherently greater risks involved in attempting certified mail service at a business rather than at a residence by virtue of the oftentimes numerous intermediate, and frequently uninterested,

parties participating in the chain of delivery." *Swinehart, supra,* 62 Ohio St.2d at 405–406, 16 O.O.3d at 438, 406 N.E.2d at 813–814.

Applying the principles the court had just enunciated, it found in the *Swinehart* case that service was not made in a manner "reasonably calculated" to reach defendant Sengpiel. The court succinctly analyzed its reasons as follows:

"In the instant cause service was not made in a manner 'reasonably calculated' to reach appellee Sengpiel. He did not maintain an office on the premises of the business where he was attempted to be served. His principal place of business was in fact in another city. Affidavits demonstrate that Sengpiel only sporadically visited the business where service was attempted, usually two or three times per month. Service at this business address under these circumstances simply does not comport with due process." (Footnote omitted.) *Swinehart, supra,* at 407, 16 O.O.3d at 438–439, 406 N.E.2d at 814.

We note that the court in *Swinehart* made no mention of the facts that defendant Sengpiel was an officer of the corporation which had its business location at the site where service was attempted, and that he was a one-half owner of the real estate upon which the office is located.

The *Swinehart* decision and opinion have been cited by a number of Ohio courts since then that have had to deal with the same issue. For instance, in the case of *Call Detroit Diesel Allison, Inc. v. C. & D. Oil Co.* (Oct. 25, 1985), Tuscarawas App. No. CA 85A05–038, unreported, 1985 WL 7304, service was attempted on an individual defendant at the corporate office where he had once been employed and was received there by his mother. The court noted service there was not reasonably calculated to reach the defendant since he did not even work at the place of business at the time of the attempted service. On the other hand, service on an individual defendant at a business address has been upheld where the defendant was present at that address several times a week at most and several times a month at least and, more important, it was a contract issue and all dealings between the parties with regard to that contract were undertaken with defendant at that address. *Marietta Ignition, Inc. v. Doan* (Dec. 8, 1981), Washington App. Nos. 80X20 and 80X21, unreported, 1981 WL 2647.

The Ohio cases which provide the most guidance in applying *Swinehart* to the facts at hand are not in fact decisions by state courts but, rather, are two decisions by the same judge in the United States District Court of the Southern District of Ohio, Western Division. The first of these was *Thompson v. Kerr* (S.D.Ohio 1982), 555 F.Supp. 1090. That case was an action by a corporation and two of its officers against a bank and its board of directors as individuals. Service was made there by certified mail at the corporate offices of the bank and not personally upon the individual defendants. After finding that such service

was insufficient under the federal rules, Judge Walter H. Rice then turned to an analysis of the sufficiency of the service under Fed.R.Civ.P. 4(d)(7) as follows:

"Under Federal Rule 4(d)(7), however, an individual may be served 'in the manner prescribed by the law of the state in which the district court is held * * *.' The applicable Ohio rule, Ohio R.Civ.P. 4.1(1), permits service upon individuals by certified mail to the address set forth in the caption of the complaint, as was done herein. Nevertheless, the Ohio Rules must be further construed to conform with the requirements of due process: service must be 'reasonably calculated' to reach the interested party. *Samson Sales, Inc. v. Honeywell, Inc.*, 66 Ohio St.2d 290 [20 O.O.3d 277], 421 N.E.2d 522 (1981).

"By an uncontradicted affidavit, Defendants assert that the Winters' Board of Directors only meet at the Winters business address once a month. It is doubtful that service upon a business, only irregularly visited by some or all of the directors, would satisfy the reasonable notice requirements embodied in due process. For example, the Ohio Supreme Court, in construing Ohio Rule 4.1(1), recently held that service upon a business address, only sporadically visited (2 or 3 times a month) by an advisor to that business, was not 'reasonably calculated' to reach that individual, and thus was not sufficient to satisfy due process. *Akron–Canton Regional Airport Authority v. Swinehart*, 62 Ohio St.2d 403 [16 O.O.3d 436], 406 N.E.2d 811 (1980). In light of *Swinehart*, it would be anomalous to hold that service of the original complaint in the within matter was sufficient, when Defendants herein visit the Winters business address only once a month, while the individual sought to be served in *Swinehart* visited the business address two or three times a month." *Thompson, supra*, 555 F.Supp. at 1094.

The second decision by Judge Rice which construed the Ohio law regarding service upon a business address is *Whisman v. Robbins* (S.D.Ohio 1988), 712 F.Supp. 632. In that case service was attempted upon the trustees of a pension plan at the office of the pension plan, where the trustees regularly met one or two days a month. Judge Rice held that that service there was legally insufficient under Ohio law, following *Swinehart*.

■ Applying the principles set forth by the Supreme Court of Ohio in *Swinehart* and its progeny, we have here a situation where neither appellee maintained an office *of his or her own* at the business premises where process was attempted to be served. Furthermore, the defendant Sengpiel in *Swinehart* regularly visited the office in question two or three times a month, whereas in the present instance appellee Hugh Rossi visited his corporation only twice in *an entire year* and appellee Patricia Rossi never visited it after 1987. As stated by Judge Rice in *Thompson v. Kerr*, it would be anomalous to uphold validity of service of process where the appellees visit the premises only twice a year at

most whereas in *Swinehart* the Ohio Supreme Court found service invalid at a location where the defendant visited two or three times *per month*.

█ It is unnecessary to recite all of the cases which have followed the *Swinehart* decision. They all apply to varying factual situations. The key principle is that in order to justify service on a defendant at a business address, the party being served must have such a habitual, continuous or highly continual and repeated physical presence at the business address that the party ordering the service of process would have reasonable grounds to calculate that the service would promptly reach the party being served. The business address should not simply be the address of the party's business, it should be the address where the party himself has his own office, or at least where he is continually and regularly physically present most of the time. It is certainly not a question of ownership of either the premises or the company engaged in business at the premises. *Swinehart* proved that ownership is legally irrelevant to the issue.

Nor is the control and overall management of the company doing business at the address to which service is directed of any legal significance. Certainly the trustees of a pension plan have total control and overall management of the plan, yet that factor was not even deemed worthy of discussion by the Honorable Walter H. Rice in *Whisman v. Robbins*. To the same end, the board of directors of a corporation has the ultimate control and overall management of the corporation, yet that fact made no difference whatsoever in *Thompson v. Kerr*. Thus it is of no importance to our analysis of the issue that appellees owned the corporation which operated Sawyer College at three branches, including its Dayton branch, where service of process was attempted.

It is insignificant, also, that the appellees here were officers of the corporation. In *Swinehart*, defendant Sengpiel was an officer of the corporation doing business at the premises where service was attempted and the Supreme Court did not even bother to remark on that fact in its opinion. And what higher officers can there be than trustees of a nonprofit corporation (the pension plan in *Thompson v. Kerr*) or directors of a for-profit corporation (the bank in *Thompson v. Kerr*)? To the same effect we can disregard telephone contacts or mail contacts. The key issue is the physical presence of the party being served at the business address.

The Supreme Court in *Swinehart* pointed out that service at a residence address is obviously the preferred method and is most likely to reach the party being served. It further pointed out that there are hazards in attempting to serve a party at a business location and that a court should look with suspicion, and scrutinize carefully, attempted service at a business location.

■ It also does not matter that a party has actual knowledge of the lawsuit and has not in fact been prejudiced by the method of service. This court itself has held to that effect and reversed a judgment against a defendant where service was legally insufficient even though "the defendant had adequate notice of the filing of the motion" and "was [not] in any way prejudiced by the method of service used to notify him of the pending motion." *Price v. Price* (Feb. 4, 1985), Miami App. No. 84CA38, unreported, at 4, 1985 WL 7633. That principle was enunciated by the Ohio Supreme Court in *Haley v. Hanna* (1915), 93 Ohio St. 49, 112 N.E. 149, and has been followed ever since in Ohio. If such were not the case, the defense of lack of jurisdiction over the person or insufficiency of process could never be asserted by a defendant in an answer or a motion, as allowed now by Civ.R. 12(B), because the mere assertion of such defenses would prove that the defendant knew about the pendency of the action and thus all rules relating to service of process would be nullities.

■ Finally, we must note that the determination by the trial court of the question of sufficiency of service of process is a matter in its sound discretion. *Magoteaux v. Magoteaux* (Nov. 26, 1986), Miami App. No. 86–CA–16, unreported, 1986 WL 13660; *Lanza v. Lanza* (Jun. 11, 1992), Cuyahoga App. No. 60225, unreported, 1992 WL 136260; *Carter v. Carter* (Sept. 19, 1989), Paulding App. No. 11–88–13, 1989 WL 108692. The standard of review in such cases is whether the trial court abused its discretion and the test is that a judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by the reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. On the facts as presented both here and to the trial court we cannot find that it abused its discretion in holding that there was insufficiency of service of process upon the appellees herein and we therefore overrule appellant's first assignment of error.

### III

### Second Assignment of Error

"The lower court erred, contrary to law, in dismissing the claims against defendants Hugh Rossi and Patricia Rossi in that these defendants waived any defect in the service of process."

■ The appellant would have us believe that the appellees waived any defect in the service of process on them by participating in the case and without specifying their objection to this service of process in detail or moving to quash it until the year had run. This proposition is clearly not the law in Ohio. The appellees properly raised the issue of sufficiency of service as an affirmative

defense in their first responsive pleading and they do not waive it by failing to request a pretrial hearing on the issue pursuant to Civ.R. 12(D) or even in fact by going to trial on the merits. *First Bank of Marietta v. Cline* (1984), 12 Ohio St.3d 317, 12 OBR 388, 466 N.E.2d 567; *Haley v. Hanna, supra; Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 11 OBR 471, 464 N.E.2d 538; *Duckworth v. Decker* (Aug. 26, 1991), Fairfield App. No. 47–CA–90, unreported, 1991 WL 184554, and citing *First Bank of Marietta v. Cline, supra.* In Ohio it is not the defendant's job to assist the plaintiff in perfecting service of process upon the defendant. It is the plaintiff's burden to be sure that proper service is accomplished within the one year provided by law. Civ.R. 4.6(E); *Long v. Hamel* (Mar. 19, 1992), Franklin App. No. 91AP–1078, unreported, 1992 WL 55446; *Haley v. Hanna, supra.*

The appellant argues that to allow dismissal of the appellees in this case would be upholding "legal gamesmanship," but the Ohio Supreme Court has already found that even if such were the case it would be of no consequence. *Maryhew v. Yova, supra.* Whether the lawsuit is a game or a serious search for truth and the fixation of blame, it is and must be played by certain rules and we cannot disregard those rules to assist a party who has failed to abide by them. The federal cases cited by appellant are construing the federal rule, which does not require service within one year, and cases from other jurisdictions are inapposite. The law in Ohio is clear that the appellees did not waive the defense of insufficient service, and the appellant's second assignment of error is overruled.

## IV

### Third Assignment of Error

"The lower court abused its discretion in dismissing the claims against defendants Hugh Rossi and Patricia Rossi for failure of service, in that the defects were correctable and were corrected upon discovery by plaintiff."

The appellant points to no case, statute or rule of court which would authorize her to cure a defective service after the lapse of a year from the date the complaint is filed. The reason is that there is no such authority in Ohio. The recent Supreme Court decision in *Goolsby v. Anderson Concrete Corp.* (1991), 61 Ohio St.3d 549, 575 N.E.2d 801, cited by the appellant, only resolved a conflict between Civ.R. 3(A) and the one-year saving statute, and did not enlarge the one-year period mandated by Civ.R. 3(A). *Long v. Hamel, supra.*

The appellant had ample opportunity to serve the appellees at their residence in Florida. There is a suggestion in the record that counsel for appellant knew the Florida address of Mr. and Mrs. Rossi even before the present suit was begun and if they did not know it, certainly a simple one-question interrogatory

would have revealed it to them. We note that the appellant lost no time in serving the appellees by certified mail at their Florida residence immediately after the motion to dismiss them as parties to this suit was filed. As our Supreme Court has stated, "the duty to perfect service of process is upon the plaintiffs under the Civil Rules." *Maryhew v. Yova, supra,* 11 Ohio St.3d at 159, 11 OBR at 475, 464 N.E.2d at 543. The appellant was put on notice of a possible defect in its service of the individual appellees when their answer was filed raising that defense. It would not have been difficult or burdensome for the appellant to have cured the defective service after the answer was filed and long before the expiration of one year.

As much as we may sympathize with the plight of the appellant in this case we have absolutely no authority to ignore Civ.R. 3(A) by allowing appellant to "cure" a defective service of process after one year from the date the complaint was filed.

The third assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

GRADY, P.J., concurs.

BROGAN, J., dissents.

BROGAN, Judge, dissenting.

I must respectfully dissent in this matter. In order to meet minimal due process, the defendant must be served in a manner "reasonably calculated" to apprise him of the pending action. The defendants in this case have chosen to do business in Ohio and they are the sole shareholders of the Sawyer College, possess final authority over its operation and presumably benefit from its operation. Those attending school at the college location could reasonably assume that they could reach the owners of the college at its business address. In this case, a college secretary accepted the certified mail service and forwarded the complaint to the college's and the Rossis' attorney, who was one and the same person. Any student of the college could reasonably expect that this type of service would be "reasonably calculated" to reach the Rossis. No student should be expected to know that the Rossis now reside in Florida.

Due process is adequately served where litigants are informed by their counsel that they have been sued and they receive a copy of the complaint in time to answer it in a timely manner. The service utilized in this case was reasonably calculated to reach the recipient, the Rossis.