OPINION
Felicia M. Tucker is appealing from the decision of the Montgomery County Common Pleas Court dismissing her complaint on the grounds that the court did not have personal jurisdiction over the defendant. On appeal, Ms. Tucker sets forth the following two assignments of error:
FIRST ASSIGNMENT OF ERROR
 The Trial Court erred by granting Defendant's Motion for Summary Judgment and/or Motion to Dismiss the Complaint.
 SECOND ASSIGNMENT OF ERROR
 The Trial Court erred by failing to grant Plaintiff's Motion to Strike Answer, Appeal from Arbitrator's Decision and for Default Judgment.
The facts of this case and the reasons for the decision of the common pleas court are succinctly set forth in the decision and entry of the Hon. David G. Sunderland filed on August 28, 1997, which we herewith approve and adopt as our own, as follows:
 This cause came on to be heard on Defendant's motion for summary judgment and/or motion to dismiss the Complaint filed herein on June 9, 1997. On June 26, 1997, Plaintiff filed a response to Defendant's motion for summary judgment and/or motion to dismiss the Complaint. On July 8, 1997, Defendant filed a memorandum in support of her motion for summary judgment and/or motion to dismiss the Complaint.
 I. FACTS
 On September 3, 1993, Plaintiff was driving her car south on North Main Street in Dayton, Ohio. Plaintiff was stopped, waiting for the traffic light to change, when Defendant struck the rear of Plaintiff's car. Plaintiffs car then proceeded to collide with a third vehicle. Plaintiff sustained injuries from the collision.
 Plaintiff filed her Complaint on August 31, 1995 along with instructions for service by certified mail. Service was issued by the Clerk of Courts on September 8, 1995. Certified mail was returned on September 15, 1995 with the notation, "moved, left no address." Service by regular mail to the same address used in September was attempted on November 16, 1995. It was returned by the Post Office on November 20, 1995 with no reason for the return noted thereon. There is no indication that the Clerk's Office notified the Plaintiff of the return of the regular mail.
 II. LAW AND ANALYSIS
 Defendant claims that this Court should grant judgment in her favor because she was not served properly; thus, this Court does not have personal jurisdiction over her.
 The Complaint was filed on August 31, 1995 and service has not yet been perfected. Since the one year statute of limitations has run, lack of personal jurisdiction cannot be cured.
 "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant . . ." Civ.R. 3(A). (Emphasis added.) Even if the party had knowledge of the lawsuit, if service is insufficient, then this knowledge will not invalidate the requirement of sufficient service. Bell v. Midwestern Educational Serv., Inc. (1993), 89 Ohio App.3d 193, 203. This is so because it is not the responsibility of the Defendant to assist the Plaintiff in service of process. Id.
"Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery.
 In the case sub judice, it appears that the regular mail service attempt was fundamentally flawed. The regular mail service was being resent to an address in which it had already been returned marked, "moved, left no address." If the ordinary mail envelope is returned undelivered, the clerk shall forthwith notify the attorney, or serving party, by mail. Civ.R. 4.6(D). The Plaintiff did not perfect service within one year of filing the Complaint pursuant to Civ.R. 3(A). Pursuant to Ohio Rule of Civil Procedure 4.6(D), Plaintiff should have been made aware by the Clerk's Office that service was not obtained through ordinary mail. However, the Clerk's Office never notified the Plaintiff. This failure of the Clerk's Office to notify Plaintiff does not toll the jurisdictional issue. She was never properly served. Pursuant to Civ.R. 4.6(E), it is the responsibility of the attorney of record or the serving party to determine whether service has been made. Defendant's knowledge of the litigation does not relieve the Plaintiff of her duty to make sure service is perfected upon the Defendant.
 Since the one year statute of limitations has run and Defendant was never served, this Court does not have personal jurisdiction over the Defendant. Therefore, Plaintiff's Complaint filed herein on August 31, 1995 must be dismissed.
 III. CONCLUSION
 Based on the foregoing, Defendant's motion to dismiss the Complaint filed herein on June 9, 1997 is well taken and is hereby SUSTAINED. There are other pending motions in this case that have yet to be decided. Plaintiff filed a motion to strike Defendant's answer, appeal from Arbitrator's decision and for default judgment on May 21, 1997. On July 9, 1997, Robert M. Frank filed a motion to intervene. Since Plaintiff's Complaint has been DISMISSED, these motions are hereby rendered MOOT. This case is DISMISSED.
It is quite clear from the record that the court's decision is correct.
Although the court does state that the clerk failed to notify the plaintiff of the return of the regular mail envelope, the summary list of the docket entries states that on November 20, 1995, the attorney was notified (Docket 9). The document listed as Docket 9 is the actual envelope that was returned to the clerk's office. It is stamped as filed on November 20, 1995, but there is nothing on the envelope itself to indicate that the plaintiff's attorney was notified. The action was then dismissed by the court for failure to prosecute although "all without prejudice to a new action." (Docket 11).
A further curiosity of record in this matter is that on January 2, 1996, the trial court filed a default notice that states "a review of the file in this action indicates that service has been perfected on the defendant. The defendant is in default for answer of service." There is no basis whatever in the record to support that finding of the trial court. Counsel for plaintiff on appeal argues that she was misled by this entry. Be that as it may be, an erroneous statement by the trial court that jurisdiction has been obtained cannot impose personal jurisdiction where none exists. Counsel for plaintiff, or plaintiff herself, who was proceeding pro se at that time, cannot obtain personal jurisdiction over a defendant simply because a judge makes the erroneous determination that jurisdiction has been obtained.
After the case had been dismissed, it was refiled by plaintiff, this time represented by counsel. In a motion to reinstate filed July 22, 1996, and in the brief accompanying that motion, counsel recognizes that neither service by regular mail or registered mail was successful, and then states, "Finally, pursuant to instruction delivered to Craig Zimmers, the Clerk of Courts, service on the defendant was made by publication on January 2, 1996." There is absolutely nothing in the record to indicate that service by publication was ever attempted on this defendant.
In the reinstatement documents filed by counsel for the plaintiff, there is also a certificate of service by counsel which states that she filed all of her motions by certified and regular mail upon the defendant at the residence address of 226 West Martindale Road, Union, Ohio 45377. (Docket 16). This address of defendant's is the same one where service had been attempted prior and by certified mail, and the envelope had been returned marked "moved, left no address." (Docket 5). It is also clear from the record that after the case had been reinstated by order of the court, an answer on behalf of the defendant was filed which affirmatively set forth defenses of "1. Insufficiency of service, insufficiency of service of process, lack of commencement, statute of limitations and lack of personal jurisdiction." Although the case subsequently went to arbitration, defendant continued to maintain that it had raised defenses of insufficiency of service. (Docket 32). Thus, defendant's defense of lack of personal jurisdiction was never waived by the defendant, and it is settled that even the defendant's personal knowledge of the law suit does not eliminate the requirement of a completed service of process in order to acquire personal jurisdiction over the defendant. Bellv. Midwestern Educational Services, Inc. (1993), 89 Ohio App.3d 193,624 N.E.2d 196.
The first assignment of error is overruled.
The second assignment of error was properly dealt with by the trial court in finding the plaintiff's motions moot and is also overruled.
Judgment affirmed.
WOLFF, J. and FAIN, J., concur.
Copies mailed to:
Lana Green
Kenneth J. Ignozzi
Hon. David G. Sunderland