DECISION AND JOURNAL ENTRY
Appellant Michael Zulick has appealed from the default judgment entered against him in the Summit County Court of Common Pleas. This Court affirms.
 I.
In April of 1995, Alline Vrbanac ("Alline") sued her husband, Robert Vrbanac, his investment firm, Shepard Vrbanac Securities, Inc., and Frederick Berndt. Robert Vrbanac filed a cross-claim against new-party defendant Michael Zulick, on July 18, 1995. Michael Zulick is the son of Alline Vrbanac, the former stepson of Robert Vrbanac ("Vrbanac") and the former President and Treasurer of Shepard Vrbanac Securities, Inc.
Vrbanac attempted to serve Zulick with the answer, counterclaim, and cross-claim complaint by certified mail, at Zulick's place of business, Shepard Vrbanac Securities, Inc. Receipt for the certified mail delivery was returned "Refused." On August 24, 1995, the trial court noted that service had not been made and ordered attempts be made to resolve the issue within thirty days. On August 30, 1995, Vrbanac filed a praecipe directing the clerk to serve Zulick by ordinary mail at Shepard Vrbanac Securities, Inc. The ordinary mail envelopes were not returned undelivered.
The case remained pending for four years. On August 4, 1999, all matters between Alline, Vrbanac, and Shepard Vrbanac Securities, Inc. were settled. The entry journalizing the settlement reserved all claims against Zulick, and ordered that such claims remain pending. On August 10, 1999, Zulick filed a motion to dismiss the cross-claim against him on the basis that he had not been served. On August 24, 1999, Vrbanac moved for default judgment against Zulick. The trial court held a hearing on both motions, denied Zulick's motion to dismiss, and entered default judgment in favor of Vrbanac in the amount of $44,029.74 for monies Zulick had converted, and for $11,000.00 in punitive damages.
Zulick has timely appealed. In his brief, Zulick set forth two assignments of error in the assignments of error section, in compliance with Loc.R. 7(A)(2). However, in the law and analysis section, Zulick did not reproduce either assignment, and he has failed to address the second assigned error. We therefore disregard the second.
 II. FIRST ASSIGNMENT OF ERROR THE LOWER COURT ERRED IN OVERRULING APPELLANT MICHAEL ZULICK'S MOTION TO DISMISS FOR FAILURE OF SERVICE OF THE CROSS-CLAIM UPON HIM.
 Zulick contends that the trial court erred in denying his motion to dismiss. Zulick claims that, given the peculiar facts of the present case, ordinary service at his place of business was not reasonably calculated to reach him. This Court disagrees.
In order to properly serve a defendant at a business address, such service must be reasonably calculated to reach the intended recipient. See Akron-Canton Regional Airport Auth. v. Swinehart (1980),62 Ohio St.2d 403, 406. Courts have interpreted this requirement to mean that the party being served must have such habitual, continuous or highly continual and repeated physical presence at the business address such that the party ordering the service of process would have reasonable grounds to calculate that the service would promptly reach the party being served. See Bell v. Midwestern Educational Serv., Inc. (1993),89 Ohio App.3d 193, 202. A presumption of proper service exists when the record reflects that the Civil Rules pertaining to service of process have been followed, unless rebutted by sufficient evidence. See Grantv. Ivy (1980), 69 Ohio App.2d 40, 42.
In evaluating whether service of process was effectively made, the Ohio Supreme Court held that: "Due process requires that notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. (Mullane v. Central Hanover Bank Trust Co.,339 U.S. 306, followed.)" In re Foreclosure of Liens (1980),62 Ohio St.2d 333, paragraph one of the syllabus.
Service by ordinary mail, attempted after a certified mail receipt was returned "unclaimed," is presumed complete when the certificate of mailing is entered in the record unless the envelope is returned marked "failure of delivery." Civ.R. 4.6(D). "[T]his presumption is rebuttable by sufficient evidence that service was not accomplished." Talarek v.Miles (July 23, 1997), Lorain App. No. 96CA006567, unreported, citingRafalski v. Oates (1984), 17 Ohio App.3d 65, 66. When evidence is presented in an effort to prove that service was not effective, "the trial court may assess the competency and credibility of the evidence of nonservice." Talarek, supra, citing United Home Fed. v. Rhonehouse
(1991), 76 Ohio App.3d 115, 125. The determination of the sufficiency of service of process is within the sound discretion of the trial court. See Bell, supra, at 203, citing C.E. Morris Co. v. Foley Constr. Co.(1978), 54 Ohio St.2d 279.
At the hearing in the instant case, the following evidence was undisputed: (1) Zulick's mother, Alline, was married to Vrbanac; (2) Zulick, Alline, and Vrbanac at one time all worked at Vrbanac's investment company, Shepard Vrbanac Securities, Inc., but at the time of the initial complaint, Alline was no longer working; (3) during 1995, Zulick was working full time at the firm; (4) the instant action began when Alline filed for divorce and sued Vrbanac and his investment firm, and, in turn, Vrbanac filed a cross-claim against Zulick; (5) the office mail for Shepard Vrbanac Securities, Inc., was always delivered to a mailroom in the basement of the building in which the office was located; (6) the office did not have a set policy on picking up the mail from the mailroom — any one of the firm's six employees could have picked up the mail on any given day; (7) Vrbanac knew Zulick's home address — Vrbanac had previously lived in the home with Alline, Zulick's mother; (8) Vrbanac had initially attempted to serve Zulick at the business address by certified mail, but the mail was returned "Refused"; and (9) the clerk mailed the summons, via ordinary mail, to Zulick at the firm's address, and the mail was not returned as undelivered.
Zulick testified that he never received a copy of the complaint. He also testified that at various times during 1995, he was off work due to health problems; he did not testify as to when those times were. Vrbanac testified that he served Zulick at the business address because he was "sure [Zulick would] get it at the corporation a lot better than he'd get it at his home address." Vrbanac did not offer an explanation, nor was he asked, as to why he believed that it was more likely that Zulick would receive the summons at the office than at his residence.
Vrbanac's attorney argued that because the case docket "show[s] that [the ordinary mail] was in fact received claimed by Zulick on 9/1, 1995[,]" he "proceeded in the case[,]" and that based upon the docket he believes proper service was made. A review of the record, however, does not indicate such fact. The docket does not contain any filing on September 1, 1995. The docket entry for August 30, 1995, reads "SUMMONS ISSUED WITH COPY OF ANSWER, COUNTERCLAIM, AND CROSS-CLAIM TO MICHAEL ZULICK BY REGULAR MAIL. NO ATTY. REQUIRED[.]"
We note that the questions posed to Zulick by Vrbanac's attorney evidences an attempt to assert that because Zulick was aware that his mother was the plaintiff in the case, and that because Zulick had seen that complaint, that Zulick knew about the counter-claim against him. However, "[i]t * * * does not matter that a party has actual knowledge of the lawsuit[.]" Bell, supra, at 203. As the Second District explained, otherwise:
 the defense of lack of jurisdiction over the person or insufficiency of process could never be asserted by a defendant in an answer or a motion, as allowed now by Civ.R. 12(B), because the mere assertion of such defenses would prove that the defendant knew about the pendency of the action and thus all rules relating to service of process would be nullities.
 Id.
This Court finds that the trial court did not abuse its discretion in finding that Zulick failed to present sufficient evidence to rebutt the presumption that service was accomplished. As the trier of fact, the trial court was "free to believe all, part, or none of [Zulick's]testimony[.]"State v. Jackson (1993), 86 Ohio App.3d 29, 33. As previously stated, "[t]he determination of the sufficiency of service of process is within the sound discretion of the trial court." Bell, supra, at 203.
Accordingly, Zulick's assignment of error is overruled.
 III.
The judgment of the Summit County Court of Common Pleas is affirmed.
 —
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
SLABY, P. J., WHITMORE, J., CONCUR