OPINION
{¶ 1} Plaintiff-Appellant, Carter-Jones Lumber Co. dba Carter Lumber ("Carter"), appeals the judgment of the Clark County Municipal Court granting the defendants', Cheri Meyers, dba Remodeling Concepts, and Sean Meyers' ("Meyers") motion for relief from judgment pursuant to Civ.R. 60(B). Carter claims that the trial court erred because Meyers failed to establish sufficient grounds for relief under Civ.R. 60(B), that they failed to set forth a meritorious defense to the complaint, and that the trial court failed to give them the opportunity to respond to the motion. Because Carter is entitled to a hearing on the motion, we reverse the judgment of the Clark County Municipal Court.
 {¶ 2} The following facts are pertinent to the instant matter: Carter filed a complaint for judgment on an account against the Meyers on January 19, 2005. The complaint was served by certified mail on Meyers at the address of Remodeling Concepts, which they gave on their credit application, 5548 Old Lower Valley Road, Springfield, OH. Service was completed on January 21, 2005. On February 25, 2005, the Meyers having failed to plead or appear in the action, Carter moved for a default judgment, which was granted on March 1, 2005.
 {¶ 3} On April 8, 2005, Carter moved for judgment debtors' examination, and requested personal service on the Meyers, again at the Old Lower Valley Road address that the Meyers had provided to Carter. Service failed as the bailiff was unable to locate the Meyers. The Bailiff's notation on the return states that the owner of Remodeling Concepts said that the Meyers no longer worked for him. On August 5, 2005, Carter filed a praecipe for alias service on the Meyers at the home address also indicated on their credit application, which was 833 West Jefferson Street, Springfield, OH. This notice was personally served on the Meyers on August 9, 2005.
 {¶ 4} On August 16, 2005, the Meyers filed a motion to vacate the default judgment pursuant to Civ.R. 60, and filed therewith an affidavit of Sean Meyers. The trial court granted the motion on August 19, 2005, without giving the plaintiff the opportunity to respond to the motion, and without an evidentiary hearing.
 {¶ 5} Thereafter, the Meyers filed an answer to the complaint, a counterclaim against Carter and a third party action against Grayland Pelfrey, where they admit that Mr. Pelfrey had authority to charge materials to their account with Carter.
 {¶ 6} Carter appealed this judgment, setting forth a single assignment of error.
 Assignment of Error {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF CARTER LUMBER, BY GRANTING MR. AND MRS. M[E]YERS' MOTION TO VACATE JUDGMENT."
 {¶ 8} Although the Meyers assert that the judgment against them was voidable under
 {¶ 9} Civ.R. 60(B)(5), their sole argument in the motion is that they were never properly served with the complaint.
 {¶ 10} Where service of process is not properly made pursuant to Civ.R. 4 et seq., the court lacks jurisdiction to consider the complaint and any judgment on that complaint is void ab initio.Rite Rug Co., Inc. v. Wilson (1995), 106 Ohio App.3d 59, 62,665 N.E.2d 260. Because a court has the inherent authority to vacate a void judgment, a party who asserts that the trial court lacks personal jurisdiction over him due to a faulty service of process does not need to satisfy the requirements of Civ.R. 60(B). United Home Fed. v. Rhonehouse (1991),76 Ohio App.3d 115, 123, 601 N.E.2d 138. He must only establish the fact of non-service.
 {¶ 11} Service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond. Akron-Canton RegionalAirport Auth. v. Swinehart (1980), 62 Ohio St.2d 403, 406,406 N.E.2d 811, quoting Mullane v. Central Hanover Bank Trust Co.
(1950), 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865. The plaintiff bears the burden of obtaining proper service on a defendant. Cincinnati Ins. Co. v. Emge (1997),124 Ohio App.3d 61, 63, 705 N.E.2d 408. In those instances where the plaintiff follows the Civil Rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of non-service.
 {¶ 12} In this case, the trial court granted the motion for relief on the basis of an
 {¶ 13} affidavit, signed by Sean Meyers, attesting to the fact that neither defendant received the summons and complaint, without giving Carter the opportunity to file a counter-affidavit or the opportunity to present evidence contrary.
 {¶ 14} Some courts in Ohio have held that the uncontroverted affidavit of a party that he was not served with process is sufficient evidence to find a default judgment void ab initio.Rafalski v. Oates (1984), 17 Ohio App.3d 65, 477 N.E.2d 1212;Lin v. Reid (1983), 11 Ohio App.3d 232, 235, 464 N.E.2d 189. Other courts have found that, before finding a default judgment void ab initio, the trial court must determine whether sufficient competent, credible evidence of non-service exists. CavalryInvest., L.L.C. v. Clevenger, Lucas App. No. L-05-1103,2005-Ohio-7003; Rogers v. United Presidential Life Ins. Co.
(1987), 36 Ohio App.3d 126, 521 N.E.2d 845.
 {¶ 15} According to the factual pattern set forth by both the plaintiff and the defendant, the sole issue here is whether effective service of process was made on the defendants. Civ.R. 4.1(1), the rule governing certified mail service, specifies only how service is to be made. It does not address where or to whom process may be served. Swinehart, 62 Ohio St.2d at 404-405. Here, the defendants were sued in their individual capacity and service was attempted at the business address of Remodeling Concepts. The fact that the business name and address was given by defendants to the plaintiff in their application for credit under that corporate name, coupled with the notation on the return of the personal service of the notice of the debtor's examination that the defendants no longer worked there, gives rise to an issue that the trial court must determine.
 {¶ 16} In Swinehart, the Ohio Supreme Court held that "certified mail service sent to a business address can comport with due process if the circumstances are such that successful notification could be reasonably anticipated." Id. at 406. The Supreme Court, however, warned of the "inherent risks" involved in attempting certified mail service at a business address rather than at a defendant's residence. Each case, therefore, must be examined "upon its particular facts." Id. at 407.
 {¶ 17} Sufficiency of certified mail service on a defendant at a business address, the particular problem at issue here, has also been addressed by this court in Bell v. MidwesternEducational Serv., Inc. (1993), 89 Ohio App.3d 193,624 N.E.2d 196. While a determination of the sufficiency of service of process is a matter left to the sound discretion of the trial court, we held that this determination requires a factual finding regarding the "physical presence of the party being served at the business address." Id. at 202.
 {¶ 18} In line with our decision in Bell, Carter is entitled to a hearing in order for the trial court to determine whether the Meyers received service of process in accordance with the standards outlined in Swinehart and Bell. Carter's assignment of error is, therefore, sustained.
 {¶ 19} Accordingly, appellant's assignment of error is sustained. The judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.
Brogan, J. and Donovan, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).