[Cite as *Bayliss v. Durrani*, 2022-Ohio-914.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| LOUISE BAYLISS, by and through her husband and next friend STEVEN BAYLISS, | : | APPEAL NO. C-190502<br>TRIAL NO. A-1602538 |
| | : | |
| KEVIN HARTNESS, | : | |
| | | *O P I N I O N.* |
| HILLARY HARTNESS, | : | |
| CAROLYN HURSONG, | : | |
| WILLIAM HURSONG, | : | |
| CHRISTOPHER MCCAUGHEY, Administrator of the Estate of SARAH JUERGENS, | : | |
| LINDA KALLMEYER-WARD, | : | |
| KATELYN KAUFFMAN, | : | |
| AMANDA KOCH, | : | |
| RUVIMBO NYEMBA, | : | |
| and | : | |
| RONALD ROWLEY, | : | |
| Plaintiffs, | : | |
| and | : | |
| CRYSTAL GARRISON, Administrator of the Estate of BILLY SPIVY, | : | |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| ABUBAKER ATIQ DURRANI, M.D., | : | |

CENTER FOR ADVANCED SPINE  :
TECHNOLOGIES, INC.,

WEST CHESTER HOSPITAL, L.L.C.,  :

UC HEALTH,  :

  and  :

CINCINNATI         CHILDREN'S  :
HOSPITAL MEDICAL CENTER,

    Defendants,  :

  and  :

THE CHRIST HOSPITAL,  :

    Defendant-Appellee.  :


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  March 23, 2022


*Robert A. Winter, Jr., The Deters Law Firm Co. II, P.A., James F. Maus* and *Shawn Crawford,* for Plaintiff-Appellant,

*Dinsmore & Shohl, L.L.P., Jennifer Orr Mitchell, Matthew S. Arend* and *R. Samuel Gilley,* for Defendant-Appellee.

**CROUSE, Judge.**

{¶1} On May 2, 2016, Billy Spivy and 11 other plaintiffs filed a complaint against Abubaker Atiq Durrani, the Center for Advanced Spine Technologies ("CAST"), West Chester Hospital, UC Health, and Cincinnati Children's Hospital Medical Center. Spivy's complaint also included claims against The Christ Hospital ("TCH"). The other plaintiffs have dismissed their appeals, leaving Crystal Garrison, administrator of the estate of Billy Spivy,[1] as the sole plaintiff-appellant. Garrison has appealed from the trial court's judgment dismissing the case against defendant-appellee TCH for failure to perfect service of process and failure to prosecute.

### *Factual Background*

{¶2} On October 18, 2018, the trial court emailed counsel for the parties and asked if TCH had ever received service of process in Spivy's case. TCH responded that it had not. Spivy's counsel agreed that he had never perfected service of process upon TCH, but submitted a memorandum arguing that TCH had waived service. On June 7, 2019, the trial court issued an order wherein it stated that it did not find the waiver argument persuasive, but it gave Spivy's counsel time to submit an additional memorandum on the issue. Counsel submitted the memorandum on July 3, 2019. The trial court issued its judgment on July 25, 2019. It held that TCH had never received service of process and had not waived service. The court dismissed the complaint without prejudice under Civ.R. 41(B) for failure to perfect service of process and failure to prosecute.

---

[1] Pursuant to Civ.R. 25, Crystal Garrison was substituted for plaintiff Billy Spivy on April 24, 2019, due to Spivy's death during the pendency of the case.

### *Sole Assignment of Error*

{¶3} In a single assignment of error, appellant argues the trial court erred by dismissing the claims against TCH.

{¶4} In *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984), the Ohio Supreme Court held that a court must possess personal jurisdiction over a party in order to render a valid judgment against that party. Personal jurisdiction "may be acquired either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court." *Id.*

{¶5} "In order for a judgment to be rendered against a defendant when he is not served with process, there must be a showing upon the record that the defendant has voluntarily submitted himself to the court's jurisdiction or committed other acts which constitute a waiver of the jurisdictional defense." *State ex rel. Skyway Invest. Corp. v. Ashtabula Cty. Court of Common Pleas,* 130 Ohio St.3d 220, 2011-Ohio-5452, 957 N.E.2d 24, ¶ 16, quoting *Maryhew* at 156-157.

{¶6} "The determination by the trial court of the question of sufficiency of service of process is a matter in its sound discretion." *Bell v. Midwestern Educational Servs.,* 89 Ohio App.3d 193, 203, 624 N.E.2d 196 (2d Dist.1993). We hold that the question of whether a defendant waived service through its appearance in the case is also suited for an abuse-of-discretion review.

{¶7} Appellant contends TCH waived service by its "appearance" on four occasions. TCH argues it did not waive service because the alleged appearances cited by appellant all involved the parties' use of "mass-filing mechanisms" (referred to in

these proceedings as "exhibit A filings"). The present case is one of hundreds of cases filed by former patients against Durrani, CAST, and local hospitals stemming from the alleged medical malpractice of Durrani. In order to avoid wasting time drafting and filing identical motions in each individual case, the parties and the trial court agreed to allow documents to be filed en masse utilizing the "exhibit A" technique. The parties list all of the cases affected by that particular filing in exhibit A, attach it to the filing, and reference "exhibit A" in the case caption.

{¶8} On May 10, 2018, counsel for Spivy filed a notice of deposition of "Dr. Charles Mehlman for All Purposes Under the Civil Rules of Ohio." The exhibit A attached to the notice included the case number of the current action. When Dr. Mehlman's deposition transcript was filed on June 25, 2018, it listed 440 plaintiffs in exhibit A, including Spivy. TCH contends it was actively defending ten of those cases, and therefore attended the deposition for purposes of those ten cases. TCH did not ask any questions or raise any objections related to Spivy or any of the other plaintiffs in the present case.

{¶9} On June 4, 2018, counsel for Spivy filed a notice of the deposition of Dr. Steven Agabegi. The exhibit A attached to the notice included the case number of the current action. When Dr. Agabegi's deposition transcript was filed on June 25, 2018, it listed 440 plaintiffs in exhibit A, including Spivy. TCH attended the deposition of Dr. Agabegi, but did not ask questions or raise objections related to Spivy.

{¶10} On June 2, 2018, counsel for Spivy filed a "motion for discovery on [TCH] and Good Samaritan cases" in 76 separate cases (including Spivy's case) using the exhibit A technique. On June 8, 2018, TCH and Good Samaritan Hospital filed a

joint memorandum opposing the motion for discovery. TCH and Good Samaritan argued generally that discovery was "untimely and unwarranted in any of the Exhibit A cases." Neither TCH nor Good Samaritan referenced Spivy in the memorandum.

{¶11} On April 15, 2019, TCH, Good Samaritan, TriHealth, Inc., Children's Hospital, and Durrani filed a joint motion for contempt and sanctions against the Deters Law Firm, several of its attorneys, and Eric Deters, a former attorney and current paralegal for the Deters Law Firm, for alleged violations of the trial court's gag order. The exhibit A attached to the motion listed 167 plaintiffs, including Spivy.

{¶12} The trial court found that all four alleged appearances were associated with multiple other Durrani cases unrelated to the present case. It further found that the motion for contempt dealt with a collateral matter. Therefore, the court held that TCH never appeared for purposes of the present case and none of the four alleged appearances constituted a waiver by TCH of its right to service of process.

{¶13} Appellant argues that TCH's failure to make a limited or special appearance on the four occasions described above means that it waived service.

{¶14} However, the Ohio Rules of Civil Procedure have abolished any distinction between "general" and "special" appearances. Civ.R. 12(B) through (H) delineate the methods of asserting defenses and objections. Staff Notes to Civ.R. 12(B). "Rule 12(G) follows up *the abolition of the special appearance* in Rule 12(B) by actually compelling the defendant who makes a motion to include therein all defenses and objections then available to him which this rule permits to be raised by motion." (Emphasis added.) Staff Notes to Civ.R. 12(G).

{¶15} The abolition was recognized by the Ohio Supreme Court in *Maryhew*, 11 Ohio St.3d at 156, 464 N.E.2d 538. The court stated:

6

Prior to the adoption of the Rules of Civil Procedure, appearances were classified as either special or general. * * * To resolve the question presented, we no longer need to look to the facts in order to determine whether there has been a special or general appearance. Today we only have a general appearance under the Rules of Civil Procedure. To determine whether the trial court obtained personal jurisdiction over the defendant, pursuant to those rules, we need only address whether there has been a waiver of the jurisdictional defenses, rather than the type of appearance.

*Id.*

{¶16} Civ.R. 12 requires that a defendant who files a responsive pleading or a motion to dismiss include therein "all defenses and objections then available to him which this rule permits to be raised by motion." Staff Notes to Civ.R. 12(G). Failure to do so can constitute a waiver of the defense of lack of service of process.

{¶17} Appellant points us to several examples where a party waived service through its filings or by appearing before the court. *See, e.g., Michigan Millers Mut. Ins. Co. v. Christian*, 153 Ohio App.3d 299, 2003-Ohio-2455, 794 N.E.2d 68, ¶ 8 (3d Dist.) (entering initial appearance and moving for a continuance without objecting to lack of service); *Alliance Group v. Rosenfield*, 115 Ohio App.3d 380, 388, 685 N.E.2d 570 (1st Dist.1996) (party appeared in court and acknowledged the counterclaims filed against it without objecting to lack of service*); Spearman v. Sterling Steamship Co.* 171 F.Supp. 287, 289 (E.D.Pa.1959) (waiver where the defendant called for and obtained the deposition of the plaintiff and then waited 15 months before filing an answer); *Lawson Milk Co. v. City of Cleveland Dist.*, 8th Dist. Cuyahoga No. 36002,

1977 Ohio App. LEXIS 9383, *4 (July 28, 1977) ("It is clear the City entered a general appearance below, thus subjecting itself to the jurisdiction of the court.").

**{¶18}** But none of those examples are applicable here because the four alleged appearances made by TCH were associated with multiple other Durrani cases and TCH did not appear for purposes of the present case. TCH did not make a responsive filing and fail to raise the defense of lack of service of process in that filing. And a defendant is not required to make a responsive filing solely for the purpose of raising the defense of lack of service of process. *See Maryhew*, 11 Ohio St.3d at 157, 464 N.E.2d 538 ("Inaction upon the part of a defendant who is not served with process, even though he might be aware of the filing of the action, does not dispense with the necessity of service.").

**{¶19}** Appellant contends that to affirm dismissal of the case would sanction legal gamesmanship by allowing TCH to argue the merits of its case while keeping insufficiency of process in reserve as a way to get the case dismissed if it did not like the outcome on the merits. *See Ptak v. Maringer*, 8th Dist. Cuyahoga No. 49958, 1986 Ohio App. LEXIS 5214, *7 (Jan. 2, 1986) ("A party cannot invoke a court's jurisdiction when it is to that party's benefit and then claim the court lacks personal jurisdiction over him when it may be to the party's detriment."). However, *Ptak* involved filings in a single case, and not the mass filings utilized in the present case.

**{¶20}** Furthermore, that argument was rejected by the court in *Bell*, 89 Ohio App.3d at 204, 624 N.E.2d 196, citing *Maryhew* at 159, which stated, "Whether the lawsuit is a game or a serious search for truth and the fixation of blame, it is and must be played by certain rules and we cannot disregard those rules to assist a party who has failed to abide by them." Appellant failed to perfect service of process upon

TCH and TCH did not waive service. This court may not disregard the Ohio Rules of Civil Procedure in order to aid appellant.

{¶21} TCH did not appear for purposes of the present case under the Ohio Rules of Civil Procedure.

### *Conclusion*

{¶22} The sole assignment of error is overruled and the judgment of the trial court is affirmed.

Judgment affirmed.

**ZAYAS, P.J.,** and **BOCK, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.