[Cite as *Wells Fargo Bank N.A. v. McGinnis*, 2012-Ohio-1779.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 24776 |
| vs. | : | T.C. CASE NO. 10CV1573 |
| MARTHA MCGINNIS, et al | : | (Civil Appeal from Common Pleas Court) |
| Defendant-Appellant | : | |

. . . . . . . . .

O P I N I O N

Rendered on the 20ᵗʰ day of April, 2012.

. . . . . . . . .

Christopher G. Phillips, Atty. Reg. No. 0074249, 4805 Montgomery Road, Suite 320, Norwood, OH 45212
        Attorney for Plaintiff-Appellee

John Sherrod, Atty. Reg. No. 0078598, 2130 Arlington Avenue, Columbus, OH 43221
        Attorney for Defendant-Appellant

. . . . . . . . .

FISCHER, J. (sitting by assignment):

{¶ 1} Defendant-appellant Martha McGinnis appeals from the order of the Montgomery County Common Pleas Court that denied her motion to vacate the default judgment of foreclosure entered in favor of plaintiff-appellee Wells Fargo Bank, N.A. ("Wells Fargo Bank"). McGinnis contends that service of process was insufficient, and

that, therefore, the judgment is void ab inito.  Because there is competent, credible evidence that service of process was sufficient, however, we affirm.

{¶ 2}  On March 12, 1999, McGinnis executed a note secured by a mortgage on real property located at 2144 Lehigh Place in Dayton, Ohio ("the Lehigh Place address").  Wells Fargo is the holder of the note and mortgage.

{¶ 3}  On February 23, 2010, Wells Fargo filed a complaint for foreclosure against McGinnis, and requested the clerk of courts to issue service of summons upon her.  The record includes both (1) a signed certified-mail receipt addressed to McGinnis at the Lehigh Place address, and (2) a return of service signed by process server William Becker indicating that on February 26, 2010, he served the summons and complaint on Linda Hood at the Lehigh Place address.  After McGinnis failed to answer, the trial court entered default judgment on April 14, 2010, and confirmed the sale of the property on April 1, 2011.

{¶ 4}  On July 14, 2011, McGinnis moved to vacate the judgment as void ab initio for insufficient service of process.  At a hearing on the motion, McGinnis and Hood testified that they had been living together at the Lehigh Place address in February 2010.  They both denied signing for certified mail containing the summons and complaint, and personally receiving the same.  Becker testified, however, that on February 26, 2010, he had served Hood with the summons and complaint at the Lehigh Place address.   He further identified Hood in the courtroom.

**{¶ 5}** Finding the testimony of McGinnis and Hood not credible, the trial court denied the motion to vacate the judgment. McGinnis now appeals, raising the following assignment of error:

> The trial court abused its discretion in denying Appellant's motion to vacate judgment based upon lack of service of the summons and complaint when it took into consideration whether or not Appellant had defaulted on the note in denying the motion to vacate.

**{¶ 6}** "It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant." *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). Where service of process is not made in accordance with the Rules of Civil Procedure and the defendant has not appeared in the case or otherwise waived service, the trial court lacks jurisdiction to consider the complaint, and any judgment on that complaint is void ab initio. *Portfolio Recovery Assoc., LLC v. Thacker*, 2d Dist. Clark No. 2008-CA-119, 2009-Ohio-4406, ¶ 22; *Rite Rug Co., Inc. v. Wilson*, 106 Ohio App.3d 59, 62, 665 N.E.2d 260 (10th Dist.1995). "Because a court has the inherent authority to vacate a void judgment, a party who asserts that the trial court lacks personal jurisdiction over him or her due to ineffective service of process need not satisfy the requirements of Civ.R. 60(B)." *Portfolio Recovery Assoc..* at ¶ 22.

**{¶ 7}** This court has held that "the determination by the trial court of the question of sufficiency of process is a matter in its sound discretion." *Bell v.*

*Midwestern Edn. Servs.*, 89 Ohio App.3d 193, 203, 624 N.E.2d 196 (2d Dist.1993). "The standard of review in such cases is whether the trial court abused its discretion, and the test is that a judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *Id.*, citing *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

{¶ 8}  At the hearing on the motion, the trial judge asked McGinnis when she had stopped making payments on the note.   Although the answer to this question was irrelevant to whether service of process was sufficient, there is no indication in the record that the trial court relied on her answer in denying the motion.

{¶ 9}  Moreover, the decision of the trial court was supported by competent, credible evidence that service was, in fact, perfected under Civ.R. 4.1, which details the methods for obtaining service of process in Ohio.

{¶ 10}  Under Civ.R. 4.1(A), service may be made by certified or express mail "[e]videnced by return receipt signed by any person * * * ."   "Valid service of process is presumed when the envelope is received by any person at the defendant's residence; the recipient need not be an agent of the defendant."   *Ohio Civ. Rights Comm. v. First Am. Properties, Inc.*, 113 Ohio App.3d 233, 237, 680 N.E.2d 725 (2d. Dist.1996). Although McGinnis and Hood testified that neither had signed for certified mail containing the summons and complaint, the trial court—with a signed certified-mail receipt addressed to McGinnis in hand—was free to conclude that their testimony was not credible.   *See id.* at 239.

{¶ 11} In addition, under Civ.R. 4.1(C), "[r]esidence service shall be effected by leaving a copy of the process and the complaint * * * at the usual place of residence of the person to be served with some person of suitable age and discretion then residing therein." There is no dispute that in February 2010, McGinnis and Hood lived at the Lehigh Place address. Becker testified that he had served the summons and complaint on Hood at their residence on February 26, 2010, and although Hood contradicted his testimony, it was within the trial court's discretion to believe Becker.

{¶ 12} Accordingly, we hold that the trial court did not abuse its discretion in denying the motion to vacate the default judgment against McGinnis. The assignment of error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J., and HALL, J., concur.

(Hon. Patrick F. Fischer, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

Copies mailed to:

Christopher Phillips, Esq.
John Sherrod, Esq.
Hon. Steven K. Dankof