[Cite as *Household Fin. Indus. Loan Co. of Iowa v. Pierce*, 2012-Ohio-3501.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

HOUSEHOLD FINANCE INDUSTRIAL   :
LOAN CO. OF IOWA

      Plaintiff-Appellee            :      C.A. CASE NO. 24909

vs.                            :      T.C. CASE NO. 10CV4457

JAMES W. PIERCE            :      (Civil Appeal from
                                  Common Pleas Court)

      Defendant-Appellant     :

. . . . . . . . .

O P I N I O N

Rendered on the 3rd day of August, 2012.

. . . . . . . . .

Evana Carolyn Delon, Atty. Reg. No. 0077741, 55 Public Square, Suite 700, Cleveland, OH 44113
      Attorney for Plaintiff-Appellee

James W. Pierce, 6672 Willowmere, Dayton, OH 45424
      Defendant-Appellant, Pro se

. . . . . . . . .

CANNON, J.,sitting by assignment:

{¶ 1} Appellant, James W. Pierce, acting pro se, appeals the judgment of the trial court granting appellee, Household Financial Industrial Loan Company of Iowa's, motion for summary judgment. For the following reasons, we affirm.

{¶ 2} The instant matter arises out of a credit agreement entered into between the

parties on December 14, 1998. In 2010, appellee filed a complaint against appellant alleging that appellant defaulted on the loan agreement and owed appellee $15,799.85. Appellant filed an answer.

{¶ 3} Appellee filed a motion for summary judgment, and appellant filed a motion to dismiss, which was ultimately denied. The trial court granted appellee's motion for summary judgment on the issue of default but set the issue of damages for trial. After trial, the magistrate issued his decision and held that appellee had proved entitlement to damages on account, in the amount of $15,792.53 plus interest at the rate of 19.15% from February 8, 2011, until paid, plus appellee's court costs.

{¶ 4} Appellant filed objections to the magistrate's decision; however, he failed to submit a transcript of the trial on damages for the trial court's review. The trial court overruled appellant's objections and adopted the decision of the magistrate. Appellant timely appealed.

{¶ 5} Preliminarily, we note an appellant carries the burden of affirmatively demonstrating error on appeal. App.R. 9 and 16(A)(7); *State ex rel. Fulton v. Halliday*, 142 Ohio St. 548, 549, 53 N.E.2d 521 (1944). Appellant, a pro se civil litigant, "is bound by the same rules and procedures as litigants who retain counsel." *Miner v. Eberlin*, 7th Dist. Belmont No. 08-BE-21, 2009-Ohio-934, ¶11. "'[**Pro se** civil **litigants**] are not to be accorded greater rights and must accept the results of their own mistakes and errors.'" *Karnofel v. Cafaro Mgt. Co.*, 11th Dist. No. 97-T-0072, 1998 WL 553491, *2 (June 26, 1998), quoting *Meyers v. First Natl. Bank*, 3 Ohio App.3d 209, 210, 444 N.E.2d 412 (1981).

{¶ 6} A review of appellant's brief reveals that he has failed to comply with App.R.

16. For example, appellant did not set out separate assignments of error, a statement of the issues presented for our review, or a statement of the case for our review, as required by App.R. 16(A)(3), (4), and (5).

{¶ 7} Furthermore, a review of the record reveals that appellant has failed to file a transcript of the trial court proceedings. "Upon appeal of an adverse judgment, it is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19, 520 N.E.2d 564 (1988). "Any lack of diligence on the part of an appellant to secure a portion of the record necessary to his appeal should inure to appellant's disadvantage rather than to the disadvantage of appellee." *Id.*

{¶ 8} In *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980), the Ohio Supreme Court held:

The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. (Citations omitted.)

{¶ 9} Even if appellant's brief was compliant and properly set forth cognizable assignments of error, appellant could not prevail on appeal. Appellant failed to provide a transcript of the trial on damages held before the magistrate when he appealed the magistrate's

decision to the trial court, as required by Civ.R. 53(D)(3)(b)(iii).   That rule provides:

(iii) Objection to magistrate's factual finding; transcript or affidavit.   An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available.   With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered.   The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause.   If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶ 10} The trial court recognized appellant's failure in its judgment entry noting that his objections to the magistrate's decision are "almost entirely factual in nature."   Therefore, the trial court, without a transcript of the proceedings before the magistrate, could not consider appellant's objections.   Moreover, although appellant claims to have ordered a transcript of the proceedings in his appellate brief, the trial court stated in its judgment entry that appellant failed to file a request to have a transcript prepared.   Therefore, appellant cannot claim the trial court erred in adopting the magistrate's decision.

{¶ 11} Here, appellee is left in the untenable position of having to formulate what it believes the assigned error to be and argue against it as perceived.   Appellee should not have to speculate in this manner.   As appellant has failed to set forth any assignment of error for

our review, as well as provide a transcript of the proceedings below, we affirm the judgment of the Montgomery Court of Common Pleas.

FAIN, J., And FROELICH, J., concur.

(Hon. Timothy P. Cannon, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

Copies mailed to:

Evana Carolyn Delon, Esq.
James W. Pierce
Hon. Dennis J. Langer