[Cite as *Midland Funding, L.L.C. v. Dixon*, 2013-Ohio-5052.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| MIDLAND FUNDING LLC | : | |
| | : | Appellate Case No. 2013-CA-27 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 09-CVF-1411 |
| v. | : | |
| | : | |
| DAVID A. DIXON | : | (Civil Appeal from |
| | : | Xenia Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 15th day of November, 2013.

. . . . . . . . . .

ROBERT K. HOGAN, Atty. Reg. #0024966, and STEVEN E. ALSIP, Atty. Reg. #0083565, Javitch, Block & Rathbone, LLC, 700 Walnut Street, Suite 300, Cincinnati, Ohio 45202
    Attorney for Plaintiff-Appellee

DAVID A. DIXON, 9151 Old Troy Pike, St. Paris, Ohio 43072
    Defendant-Appellant, *pro se*

. . . . . . . . . . . .

HALL, J.,

{¶ 1}    David A. Dixon appeals pro se from the trial court's decision, entry, and order

overruling what it considered to be a Civ.R. 60(B) motion for relief from a default judgment.

{¶ 2}    Although Dixon's brief lacks an assignment of error, the essence of his

argument is that the trial court erred in failing to vacate the default judgment on the basis that appellee Midland Funding, LLC never served him with its complaint. For its part, Midland has declined to file a responsive brief.

{¶ 3}  The record reflects that Midland filed a complaint against Dixon in October 2009, alleging default on a loan and seeking to recover $12,933.44. Certified-mail service on Dixon failed at several addresses. In July 2010, Midland attempted service by ordinary mail sent to 99 East Second Street #3, Xenia, OH 45385. The envelope was not returned with an endorsement showing failure of delivery, and service was deemed complete. Dixon did not respond to the complaint. Thereafter, Midland moved for default judgment. The trial court sustained the motion and entered default judgment against Dixon in September 2010. Midland then pursued garnishment to satisfy the judgment.

{¶ 4}  In April 2013, Dixon sent the trial court a letter in which he mentioned receiving notice at his place of employment about his wages being garnished. In the letter, Dixon claimed he never had received service of the complaint. He professed to have had no notice of the proceedings prior to learning about the garnishment of his wages. He advised the trial court he wanted to file a motion to vacate the default judgment for lack of service of process. (Doc. #33). The trial court construed the letter as a motion for Civ.R. 60(B) relief. (Doc. #34). Midland filed a memorandum in opposition. It argued that a bare assertion of a lack of service did not constitute a meritorious defense, that no grounds for relief existed, and that the time for relief from judgment had expired. (Doc. #36). Dixon responded to that filing by providing the trial court with a photocopy of his driver's license. (Doc. #37). The issue date on the license was August 25, 2009, and it identified his address as 9151 Old Troy Pike, St. Paris,

OH 43072. Dixon cited the license as proof that he did not reside at 99 East Second Street #3, Xenia, OH 45385 in July 2010, when Midland attempted ordinary-mail service there.

**{¶ 5}** The trial court resolved the dispute in an April 23, 2013 decision, entry, and order. (Doc. #38). At the outset of its ruling, the trial court indicated that it had discussed the matter with Dixon and counsel for Midland in chambers, apparently that same day. (*See* Doc. #35, 37-38). After reciting the standards for Civ.R. 60(B) relief, the trial court reasoned:

> During the conference in this matter, Dixon discussed not receiving the original Complaint. Dixon spoke of various addresses where service was attempted, addresses Dixon stated he had lived at before the Complaint herein was filed. Dixon has raised an issue that could potentially qualify as a [Civ.R. 60(B)] section (5) "any other reason" defense. (The Court's docket reveals, however, that service was perfected in this case when certified mail of the Complaint and Summons was returned "Unclaimed" and the service was then had by ordinary mail.) The Court, though, does not need to decide whether Dixon has raised a legitimate "any other reason" defense because Dixon has failed to meet the first prong of the Rule 60(B) test in that he has failed to establish a meritorious defense if relief were granted.

> During discussion with the Court and Counsel for Midland, Dixon admitted getting the money at issue herein pursuant to a Revolving Loan Agreement with Beneficial Ohio, Inc., a copy of which is attached to and is incorporated by reference to Midland's Complaint. (Midland, by way of assignment, acquired the rights in said Revolving Loan Agreement from

Beneficial.) Dixon stated he used the money to add central air to his house and to buy a second car. As noted * * * above, the Rule 60(B) requirements are "independent and in the conjunctive; thus <u>the test is not fulfilled if any one of the requirements is not met</u>." (Emphasis added)

Because Dixon has failed to establish a meritorious defense, his Rule 60(B) Motion is **DENIED** and the Default Judgment previously granted herein remains in full force and effect.

(Doc. #38 at 2).

{¶ 6} Dixon argues on appeal that the trial court erred in refusing to vacate the default judgment. According to Dixon, he has not lived at 99 East Second Street since 2004. He maintains that he has resided at the 9151 Old Troy Pike address on his driver's license since August 2009, long before Midland attempted ordinary-mail service at 99 East Second Street in July 2010. Dixon claims Midland's default judgment was wrongly acquired because he never received service of the complaint.

{¶ 7} Upon review, we conclude that the trial court's reason for denying relief from the default judgment was incorrect. Usually, "[t]o prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B), and (3) the motion is made within a reasonable time." *Portfolio Recovery Assoc. v. Thacker*, 2d Dist. Clark No. 2008 CA 119, 2009-Ohio-4406, ¶ 38. However, a claim of ineffective service of process is an anomaly where the requirements of Civ.R. 60(B) do not apply. *Id.* at ¶ 22.

**{¶ 8}** Without proper service of process (or voluntary appearance or waiver), no personal jurisdiction exists. *In re S.A.*, 2d Dist. Montgomery No. 25532, 2013-Ohio-3047, ¶ 10. We have held that absent personal jurisdiction, any judgment rendered is void ab initio. *Carter-Jones Lumber Co. v. Meyers*, 2d Dist. Clark No. 2005 CA 97, 2006-Ohio-5380, ¶ 10. "Because a court has the inherent authority to vacate a void judgment, a party who asserts that the trial court lacks personal jurisdiction over him or her due to ineffective service of process need not satisfy the requirements of Civ.R. 60(B). * * * Only lack of proper service must be established." *Portfolio Recovery Assoc.* at ¶ 22; *see also Carter-Jones Lumber* at ¶ 10 (noting that the requirements of Civ.R. 60(B) do not apply when a party claims lack of personal jurisdiction due to faulty service of process).

**{¶ 9}** Here Dixon asked the trial court to vacate the default judgment against him for lack of service of process. The trial court applied the requirements of Civ.R. 60(B) onto that request. Contrary to the trial court's analysis, the only pertinent issue below was whether Midland properly served Dixon with its complaint. The unreturned ordinary-mail service at 99 East Second Street may have created a rebuttable presumption of proper service. *Carter-Jones Lumber* at ¶ 11 ("In those instances where the plaintiff follows the Civil Rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of non-service."); *Portfolio Recovery Assoc.* at ¶ 20-21. Unfortunately, we cannot determine from the trial court's reference to an in-chambers discussion, where admissions of fact may or may not have been made, whether Dixon successfully rebutted the presumption. More importantly for present purposes, the trial court did not decide that issue. The trial court acknowledged that Dixon's claims about not residing where service was attempted and not receiving the complaint might provide a "defense" to the

default judgment. It explicitly declined to resolve that issue, however, because he admitted owing Midland the money at issue, thereby admitting he had no "defense" to the underlying claim.[1] But if service of process was defective, then the default judgment was void ab initio, regardless of whether Dixon admitted the debt.

{¶ 10} Based on the foregoing reasoning, the trial court's April 23, 2013 decision, entry, and order overruling Dixon's motion to vacate the default judgment is reversed. The cause is remanded for the trial court to determine, by means of an evidentiary hearing if necessary, whether Midland served Dixon with its complaint. If Dixon was not served, then the default judgment shall be declared void.

{¶ 11} Judgment reversed and cause remanded.

. . . . . . . . . . . . .

FROELICH and WELBAUM, J., concur.

Copies mailed to:

Steven E. Alsip / Robert K. Hogan
Javitch, Block & Rathbone, LLC
700 Walnut Street, Suite 300
Cincinnati, OH 45202

David A. Dixon
9151 Old Troy Pike
St. Paris, OH 43072

Hon. Michael K. Murry
Xenia Municipal Court
101 N. Detroit Street

---

[1] As noted above, the trial court also commented that its docket reflected service of process when ordinary-mail service was made at 99 East Second Street. This fact, however, is not necessarily dispositive. At most, it created a rebuttable presumption of service. The trial court still needed to determine whether Dixon resided somewhere else, as he claimed. If he did reside elsewhere, the ordinary-mail service at 99 East Second Street may not have accomplished the desired result.

Xenia, OH 45385-2911