[Cite as *Schindler v. Cornett*, 2014-Ohio-3352.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

SAMUEL K. SCHINDLER, et al.

      Plaintiffs-Appellees

v.

RYAN CORNETT

      Defendant-Appellant


Appellate Case No.    25898

Trial Court Case No.   2008-CV-10004


(Civil Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 1st day of August, 2014.

. . . . . . . . . . .

RICHARD B. REILING, Atty. Reg. No. 0066118, 6135 Memorial Drive, Suite 102A, Dublin, Ohio 43017
      Attorney for Plaintiffs-Appellees

RYAN CORNETT, 11500 Rodesiler Highway, Ottawa Lake, Michigan 49267
      Defendant-Appellant-Pro Se

. . . . . . . . . . . .


WELBAUM, J.

{¶ 1} In this case, Defendant-Appellant, Ryan Cornett, appeals, pro se, from a trial court decision denying his motion to vacate a default judgment rendered on behalf of Plaintiffs-Appellees, Samuel and Judith Schindler ("the Schindlers"). Cornett sets forth 11 assignments of error. Cornett primarily contends that the trial court erred in refusing to set the default judgment aside, and that the trial court unfairly favored the Schindlers.

{¶ 2} We conclude that the trial court did not err in refusing to set the default judgment aside. Cornett was properly served, and the default judgment was not void for lack of proper service. Furthermore, Cornett failed to timely file his motion for relief from judgment.

{¶ 3} We also conclude that the trial court did not unfairly favor the Schindlers and did not commit any other error. Accordingly, the judgment of the trial court will be affirmed.

I. Facts and Course of Proceedings

{¶ 4} The Schindlers are the parents of Susan Cornett, who is Ryan Cornett's ex-wife. In November 2008, the Schindlers filed a complaint against Ryan, alleging that he had signed a contract agreeing to pay them $292 per week for 208 weeks, or a total of $60,736, in connection with the purchase of property located at 2249 Greenlawn Drive, Toledo, Ohio.[1] The complaint alleged that the purchase was for the benefit of Ryan's minor children. A copy of the agreement was attached to the complaint.

{¶ 5} According to the complaint, Ryan had failed to make any payments, and the entire amount was due, together with 10% interest from December 9, 2007. Service of process

---

[1] For purposes of clarity, we will refer to Ryan and Susan Cornett by their first names.

was issued by certified mail to Ryan at the address of 2100 Blake Avenue, Dayton, Ohio. Ryan's mother, Miriam Isaacs, then signed for the certified mail on November 7, 2008. After Ryan failed to answer the complaint, the trial court granted default judgment against him on February 26, 2009. An amended default judgment entry was subsequently filed on July 14, 2009, ordering Ryan to pay $60,736, plus interest at a rate of 10% per annum from December 9, 2007.

{¶ 6} In September 2012, the Schindlers filed a praecipe for a certificate of judgment to be issued to Lucas County, Ohio. Ryan then filed a motion in January 2013, asking the court to vacate the default judgment. Ryan alleged that he had never received the summons in November 2008, and was unaware that the complaint had been filed until November 2012. In a subsequent filing, Ryan claimed that he had been purposely served at the wrong address to allow the Schindlers to obtain a default judgment.

{¶ 7} The case was referred to a magistrate, who held a hearing in April 2013. At that time, the magistrate received testimony from Samuel Schindler, from Susan, and from Ryan. After the hearing, the magistrate issued a decision denying the motion to vacate the default judgment. In the decision, the magistrate recited testimony from both sides. Specifically, the magistrate noted that service of process had been delivered to a house owned by Ryan's grandmother, and had been accepted by Ryan's mother. Ryan claimed that he did not live at that house (although he had in the past), and did not know about the lawsuit until the Schindlers attempted to garnish his wages through the Lucas County Common Pleas Court in 2012.

{¶ 8} In contrast, Samuel Schindler testified that he had substantial contact with Ryan after the divorce, when Ryan had moved back to Dayton from Toledo, Ohio. Schindler stated

that he and Ryan had a very friendly relationship, and were talking about starting an internet online company together. During this time, they met on 15-30 occasions, and many of the visits were at the Blake Avenue address. Ryan told Schindler that he was living with his grandmother.

{¶ 9} In addition, Susan testified that the Blake Avenue address had always been Ryan's home base off and on. He had his personal property stored there. After the divorce, and prior to the lawsuit, when Ryan had visitation with their minor children, the visitation appeared to be at the Blake Avenue address. When the children called her, they also called from that address. Furthermore, Susan had a conversation with Ryan around the time the complaint was filed. During that conversation, Ryan was angry about having been served with the complaint, and said, "Tell your dad I'll see him in court." Magistrate's Decision, Doc. #22, p.4.

{¶ 10} Ryan had also offered into evidence a copy of his credit report, which listed his address as the Blake Avenue address. The magistrate did not give this latter point significant weight, because the report was dated about three years after the complaint was filed.

{¶ 11} Based on the above facts, the magistrate concluded that the certified mail that was sent to Ryan's grandmother's house was reasonably calculated to reach Ryan. Therefore, the magistrate concluded that service of the complaint was proper. The magistrate also concluded that Ryan had failed to timely file his motion for relief from judgment.

{¶ 12} Ryan filed objections to the magistrate's report, but failed to timely file a transcript of the proceedings before the magistrate. As a result, the trial court held that it must accept the magistrate's findings of fact. After accepting the findings of fact, the trial court also held that the magistrate had correctly analyzed the law. The court, therefore, overruled Ryan's

objections and adopted the magistrate's decision.

**{¶ 13}** Ryan now appeals from the judgment of the trial court.

## II.   Was Service of Process Perfected?

**{¶ 14}** Ryan's First Assignment of Error, quoted verbatim, is as follows:

COURT ERRORS in granting the Schindlers' [sic] a "Default Judgment"

as process of service was not perfected.

**{¶ 15}** Under this assignment of error, Ryan appears to be contending that the default judgment should have been set aside because he was not properly served with the complaint.

**{¶ 16}** "Without proper service of process (or voluntary appearance or waiver), no personal jurisdiction exists."   (Citation omitted.)   *Midland Funding, L.L.C. v. Dixon*, 2d Dist. Greene No. 2013-CA-27, 2013-Ohio-5052,  ¶ 8.   Furthermore, if the trial court lacks personal jurisdiction, any judgment that is rendered is "void ab initio."   *Id.*, citing *Carter-Jones Lumber Co. v. Meyers*, 2d Dist. Clark No. 2005 CA 97, 2006-Ohio-5380, ¶ 10.   "Because a court has the inherent authority to vacate a void judgment, a party who asserts that the trial court lacks personal jurisdiction over him due to a faulty service of process does not need to satisfy the requirements of Civ.R. 60(B).   *United Home Fed. v. Rhonehouse* (1991), 76 Ohio App.3d 115, 123, 601 N.E.2d 138.   [Instead, the party] must only establish the fact of non-service."   *Carter-Jones Lumber Co.* at ¶ 10.

**{¶ 17}** In *Carter-Jones*, we also noted that:

Service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to

respond. *Akron-Canton Regional Airport Auth. v. Swinehart* (1980), 62 Ohio St.2d 403, 406, 406 N.E.2d 811, quoting *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865. The plaintiff bears the burden of obtaining proper service on a defendant. *Cincinnati Ins. Co. v. Emge* (1997), 124 Ohio App.3d 61, 63, 705 N.E.2d 408. In those instances where the plaintiff follows the Civil Rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of non-service.

*Carter-Jones Lumber Co.* at ¶ 11.

**{¶ 18}** "A serving party must have a 'reasonable expectation' that the party being served will receive mail at the address to which the mail is sent." *Cincinnati Ins. Co. v. Lafitte*, 2d Dist. Montgomery No. 21055, 2006-Ohio-1806, ¶ 6, citing *Grant v. Ivy*, 69 Ohio App.2d 40, 42, 429 N.E.2d 1188 (10th Dist.1980). The decision on sufficiency of process is left to the trial court's sound discretion, and we, therefore, review its decision for abuse of discretion. *Wells Fargo Bank N.A. v. McGinnis*, 2d Dist. Montgomery No. 24776, 2012-Ohio-1779, ¶ 7, citing *Bell v. Midwestern Edn. Servs.*, 89 Ohio App.3d 193, 203, 624 N.E.2d 196 (2d Dist.1993). An abuse of discretion " 'implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " (Citation omitted.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 19}** In the case before us, the trial court did not abuse its discretion in concluding that service was proper. As was noted, the trial court indicated that it was required to accept the magistrate's findings of fact because Ryan failed to timely file a transcript of the hearing. This was a correct statement of law. In this regard, Civ.R. 53(D)(3)(b)(iii) provides that:

An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause.

**{¶ 20}** The trial court noted that Ryan failed to file the video transcript of the hearing until 75 days after the hearing, and did not ask for leave to extend the time for filing. Accordingly, the trial court was required to accept the magistrate's factual findings. *See, e.g.*, *Household Fin. Indus. Loan Co. of Iowa v. Pierce*, 2d Dist. Montgomery No. 24909, 2012-Ohio-3501, ¶ 10; and *Dayton Police Dept. v. Byrd,* 189 Ohio App.3d 461, 2010-Ohio-4529, 938 N.E.2d 1110, ¶ 8 (2d Dist.). Moreover, even though the trial court focused on the untimely filing of the video transcript, the court could have relied on the fact that a written transcript was not filed. We have previously held that "A CD-ROM of the proceedings does not fulfill the Civ.R. 53(D)(3)(b)(iii) requirement of a transcript. Instead, the objecting party must provide a written transcript, without which a trial court's review is necessarily limited to the magistrate's conclusions of law." (Citations omitted.) *Id.*

**{¶ 21}** Furthermore, the magistrate's legal conclusions were correct. Since Ryan was properly served, the default judgment was not void for lack of service.

**{¶ 22}** The magistrate also concluded that even if Ryan's mother or grandmother failed

to notify him of the complaint, Ryan's motion was not timely filed under Civ.R. 60(B)(1). In this regard, the magistrate focused on Susan's testimony. Specifically, Susan said that Ryan had inquired about their prior bankruptcy in 2010. At that time, Ryan indicated that he wanted to know the date of the prior bankruptcy in order to determine whether he would be able to "bankrupt" the judgment taken against him by the Schindlers. The magistrate found Susan's testimony credible, and the trial court was limited to deciding whether the magistrate's legal conclusion about the timeliness of the Civ.R. 60(B) motion was correct.

{¶ 23} Civ.R. 60(B) provides that:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶ 24} In his motion to set aside the default judgment, Ryan claimed that he had failed

to answer the complaint within the time allowed, due to "mistake, inadvertence, and excusable neglect." Motion to Set Aside Entry of Default and Default Judgement [sic], Doc. #14, p.1, ¶ 3. This clearly raises the application of Civ.R. 60(B)(1). In various documents, Ryan also claimed that the default judgment was obtained by fraud, which would invoke Civ.R. 60(B)(3). Under either of these prongs, the motion must have been filed within one year after the default judgment was taken.[2] Thus, the latest date for filing would have been within one year after the amended default judgment was granted on July 14, 2009, meaning that the filing in January 2013 was untimely.

{¶ 25} Accordingly, the trial court did not err in refusing to set the default judgment aside. Ryan's First Assignment of Error is overruled.

### III. Did the Trial Court Commit Various Other Errors?

{¶ 26} The remaining 10 assignments of error appear to raise error that is unrelated to the merits of the default judgment. Ryan has merely listed these errors, and has failed to either present any argument or to cite any authorities upon which he relies, in violation of App.R. 16(A)(7).[3] We will consider each error briefly.

---

[2] Fraud of an adverse party is governed by the one-year time limit of Civ.R. 60(B)(3), while fraud by an attorney upon a court is governed by Civ.R. 60(B)(5). See *Dunford v. Dunford*, 4th Dist. Gallia No. 13CA7, 2014-Ohio-617, ¶ 16. There is no indication of the latter type of fraud in the case before us. Even if such an indication existed, Ryan waited two years after knowing of the judgment before filing for relief. This was clearly unreasonable.

[3] Ryan's brief does contain an Index of Authorities that lists several cases and statutes, but he does not connect these authorities to any of his assignments of error.

### A. Denial of Motions

{¶ 27}   Under the Second Assignment of Error, Ryan contends that the trial court erred in denying every motion that he filed.   Ryan does not discuss any specific motion, and we refuse to speculate about what he might mean.   This assignment of error, therefore, is overruled.

### B. Failure to Recognize Habitual Types of Cases Litigated by Plaintiffs

{¶ 28}   Under the Third Assignment of Error, Ryan contends that the trial court failed to recognize that the Schindlers apparently have litigated numerous breach of contract and/or promissory note agreements.   Ryan does not explain how this could possibly be pertinent, and we see no arguable relevance.   Accordingly, the Third Assignment of Error is overruled.

### C. Failure to Allow Intervention

{¶ 29}   Under the Fourth Assignment of Error, Ryan contends that the trial court erred in denying his current wife's motion for intervention, as she is "deeply affected" by the outcome of this case.   We note that a motion to intervene was filed by Ryan's wife, Rhonda Cornett, on September 4, 2013, which is the same day that Ryan filed his notice of appeal.   Mrs. Cornett's filing occurred after the trial court issued a final appealable order in connection with the default judgment motion, and we interpreted her motion as one to intervene in the court of appeals.   We overruled the motion on November 13, 2013, based on the fact that the Ohio Appellate Rules do not provide for intervention in appeals.   *Schindler v. Cornett*, 2d Dist. Montgomery No. 25898 (November 13, 2013).

{¶ 30}   To the extent that Ryan's assignment of error refers to intervention at the trial

court level, the motion for intervention occurred after the judgment being appealed, and is not part of the current appeal. Accordingly, the Fourth Assignment of Error is overruled.

### D. Errors in Magistrate's Conduct of Hearing

{¶ 31} In the Fifth Assignment of Error, Ryan appears to be complaining about the manner in which the magistrate conducted the evidentiary hearing, including the magistrate's failure to somehow acknowledge case dockets "in" a computer and the magistrate's failure to ask relevant questions after having "dockets to verify" during the hearing. This assignment of error lacks merit for several reasons. First, the hearing transcript is not properly before us. *See, e.g.*, *Byrd,* 189 Ohio App.3d 461, 2010-Ohio-4529, 938 N.E.2d 1110, at ¶ 8. As an additional matter, a magistrate or court has no duty to ask questions of parties, or to verify anything during a hearing. Accordingly, the Fifth Assignment of Error is overruled.

### E. Failure to Comply with Federal Rule of Evidence

{¶ 32} Under the Sixth Assignment of Error, Ryan contends that the trial court erred in failing to comply with "Federal Rules of Evidence Article IX and X," and with rules of authentication and identification in Evid.R. 902. Ryan fails to explain what he means under this assignment of error, other than to generally refer to the docket for occasions on which he submitted material facts. We refuse to speculate about the matters Ryan is referencing, and the Federal Rules also do not apply in Ohio state cases. Finally, our review of the record fails to reveal any items that the trial court overlooked. The Sixth Assignment of Error, therefore, is overruled.

## F.   Violation of Due Process

{¶ 33}    Under the Seventh Assignment of Error, Ryan contends that the trial court erred in depriving him of due process.   Again, Ryan fails to specify how or when he was so deprived of due process.   Accordingly, the Seventh Assignment of Error is overruled.

## G.   Delay in Instituting Collection on the Judgment

{¶ 34}    Under the Eighth Assignment of Error, Ryan contends that the trial court erred in granting relief to the Schindlers because they waited so long to collect on the judgment that they received.   Apparently, Ryan believes that the Schindlers deliberately waited more than one year to collect on their judgment in order to lull him into failing to comply with the one-year time limit in Civ.R. 60(B), and also allowed substantial interest to accumulate on the judgment.   We note that the trial court did not provide "relief" to the Schindlers.   The court simply refused to vacate the default judgment. As we have already indicated, the court's decision was not an abuse of discretion.   The Eighth Assignment of Error, therefore, is overruled.

## F.   Attorney Conduct

{¶ 35}    Ryan's Ninth Assignment of Error challenges the trial court's action in allowing the Schindlers' attorney to withdraw from representation and then re-enter the case.   Ryan contends that this was misconduct and cites generally to "Canon Law."   In view of Ryan's failure to cite a specific authority, we refuse to speculate about what is meant.   Accordingly, the Ninth Assignment of Error is overruled.

## G. Alleged Fraud

{¶ 36} Under the Tenth Assignment of Error, Ryan contends that the trial court erred in failing to report fraud on the court and fraud on Ryan. Again, Ryan refers only generally to "Canon Law." He also fails to detail the "fraud" to which he refers. Based on Ryan's general remarks, we infer that he believes the lawsuit that was brought against him was coercive. He also appears to believe that the trial court should have intervened somehow on his behalf. However, that is not the trial court's role. "In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Greenlaw v. U.S.*, 554 U.S. 237, 243-244, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008).

{¶ 37} This is precisely what occurred in the case before us. The trial court neutrally resolved the issues the parties presented. And, even though Ryan is a pro se litigant, we have stressed that:

> In Ohio, "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002–Ohio–3803, ¶ 20. A pro se litigant "cannot expect or demand special treatment from the judge, who is to sit as impartial arbiter." *Yocum* at ¶ 20, quoting *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996).

(Citations omitted.) *Discover Bank v. Pierce*, 2d Dist. Montgomery No. 25755,

2014-Ohio-625,¶ 9.

{¶ 38}   Accordingly, the Tenth Assignment of Error is overruled.


### H.   Court Favoritism

{¶ 39}   Under the Eleventh Assignment of Error, Ryan contends that the trial court erred by favoring the Schindlers.   According to Ryan, the Schindlers are repeatedly in court making claims for breach of contract, and this somehow means that the court favors them.   We have already rejected a similar argument by Ryan.   "It is well established that dissatisfaction or disagreement with a judge's rulings, even if those rulings may be erroneous, does not constitute bias or prejudice * * *."   (Citation omitted.)  *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4.

{¶ 40}   Based on the preceding discussion, the Eleventh Assignment of Error is overruled.


### IV.   Conclusion

{¶ 41}   All of Ryan's assignments of error having been overruled, the judgment of the trial court is affirmed.


. . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Richard B. Reiling
Ryan Cornett
Hon. Dennis J. Langer